(No. 80-CC-1320—

BUTHA MARTIN, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1981.*

*Order on denial of rehearing filed January 11, 1982.*

FELLHEIMER LAW FIRM, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an occurrence at Pontiac Correctional Center. Claimant, Sergeant Butha Martin, was an officer at the Correctional Center. He had been residing alone in the officers' quarters for some period of time. Due to an increase in the number of officers, Sergeant Martin was informed that he would be getting a roommate. A Mr. Sharp informed Mr. Martin that he was his new roommate and it was agreed that Mr. Martin would have to move a large amount of personal property to make room for Mr. Sharp.

Sometime thereafter, Mr. Martin was on leave and living in a Chicago apartment. At the request of Mr. Sharp, Mr. Martin gave his consent to have a large portion of his belongings moved into a storage area in the confines of the officers' quarters, providing such areas were secured by lock and key. The movement was made under the supervision of Lieutenant Isenberg.

The property remained in this area for an estimated five to six months until it disappeared. No one had any knowledge as to what happened to the property. The only person who had entered the room of record was Mr. Sharp to obtain a coat and some uniforms for Mr. Martin. Sergeant Martin never entered the room during any of this time.

It was further shown in the record that while living in the officers' quarters, the men were charged rent by a deduction from their pay checks and that Sergeant Martin's deduction was not increased by virtue of the use of the storage area. It was also shown that these were simply spaces not in use and the prison officials did not routinely furnish storage space for property of their officers.

The Claimant, in his brief, has provided an extensive treatise on the law of bailment. The facts in the record, however, are not persuasive that a bailment existed. The instant case indicates a landlord/tenant situation where the landlord is gratuitously giving additional space to the tenant for the storage of the tenant's property. The property was removed at the request of officer Sharp for the convenience of officer Sharp and officer Martin, *i.e.*, to give them more living space. Sergeant Martin simply gave consent to have his property moved from one area to another. These facts do not show a transfer of possession or title to the Department of Corrections.

Even if there was a bailment, the record is void of any evidence of negligence on the part of the Department of Corrections. The only evidence in the record is that the property was moved at the request of Mr. Sharp with the consent of the Claimant, Mr. Martin. There was testimony that Mr. Martin stipulated that the property be moved to a locked area. There was also testimony that the area was locked immediately after the relocation and remained locked for a period of weeks when Mr. Sharp went back. Some five months later the property disappeared. Mr. Martin never examined the property or visited the area during the entire five-month period.

Therefore, for the above and foregoing reasons, the Court finds the issues in favor of the Respondent and against the Claimant.

It is hereby ordered that this claim be and the same is hereby denied.

## ORDER ON DENIAL OF REHEARING

This matter coming on before this Court on Claimant's petition for rehearing and Respondent having filed its objections and all parties having received due notice and the Court being fully advised in the premises:

Finds that there are no legal or factual reasons for this Court to vacate its opinion of November 10, 1981.

It is hereby ordered, that the petition of the Claimant for rehearing be, and the same is hereby denied.